**Alphoncy DANGERFIELD, et al., Plaintiffs–Appellants,**

v.

**Jon E. LITSCHER, et al., Defendants–Appellees.**

No. 01–3442.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 18, 2002.

Decided Sept. 6, 2002.

Before MANION, ROVNER, EVANS, Circuit Judges.

**ORDER**

Wisconsin's sentencing laws feature a "mandatory release" statute that entitles most prisoners who committed offenses between April 1994 and December 1999 to be paroled after completing two-thirds of their sentences. *See* Wis. Stat. § 302.11(1) (1996), Wis. Stat. § 302.11(1g)(am). But the two-thirds date

established by § 302.11(1) is subject to extensions: prisoners' disciplinary infractions extend their mandatory release dates by 10, 20, or 40 days, *see* § 302.11(2)(a), and stays in segregation may delay their mandatory release dates by 50% of the time in segregation, *see* § 302.11(2)(b). The plaintiffs in this 42 U.S.C. § 1983 suit—who are all Wisconsin prisoners covered by § 302.11—rely on the mandatory release provisions to claim that their designation for "administrative tracking" violated their due process rights because it assured that segregation terms imposed could not be shortened for good behavior and, consequently, their mandatory release dates were pushed back more than they otherwise might have been. Administrative tracking is a prisoner categorization used at Wisconsin's Columbia Correctional Institution; the prison identifies those inmates likely to be referred for administrative confinement, and such inmates punished with segregation for an infraction are not allowed to participate in a "3 step-program" that shortens a prisoner's stay in segregation if the prisoner maintains good behavior. The plaintiffs claim that selecting them for administrative tracking without a hearing—as is regularly done and as was done in their cases—denied them due process because the designation thwarted their early release *from* segregation *and* thus, under § 302.11(2)(b), caused them to continue suffering a one-day delay in their early release dates for every two days in segregation.

The district court dismissed the prisoners' claim for failure to state a claim. Citing *Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the court noted that the plaintiffs' procedural due process claim required them to allege interference with some protected liberty or property interest. The court then ruled that denying prisoners the opportunity to participate in programs that potentially shorten either their time in prison or segregation terms does not implicate any liberty interests. The plaintiffs' placement on administrative segregation without a hearing therefore did not violate due process.

On appeal, the plaintiffs argue that administrative segregation implicates their liberty interest in not having their mandatory release dates extended under § 302.11(2)(b). Administrative tracking, contend the plaintiffs, equals more days in segregation because good conduct cannot win early release, and every two days in segregation equals one day tacked onto a prisoner's mandatory release date under § 302.11(b). Thus, the plaintiffs reason, they have suffered delayed mandatory release because they were not allowed to participate in the step-program that potentially reduces their time in segregation.

The plaintiffs' argument is unpersuasive. Prison officials charged the plaintiffs with prison disciplinary infractions punishable by time in segregation. Because disciplinary infractions and segregation time automatically extend prisoners' mandatory release dates, *see* Wis. Stat. § 302.11(2)(a) and (b), prison officials concede that constitutional due process guaranteed the plaintiffs a hearing before a disciplinary board. The plaintiffs received such a hearing, after which the board found them guilty and sentenced them to segregation. Absent statutory or regulatory language mandating an early release from segregation, those findings and sentences extinguished for the full segregation term the plaintiffs' interest in remaining in the general population, just as a trial and conviction extinguishes a defendant's liberty interest in remaining free from incarceration for the full term of his or her sentence, absent mandatory language like that found in § 302.11(1). *See Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), *Montgomery*

*v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001), *Felce v. Fiedler,* 974 F.2d 1484, 1490 (7th Cir.1992). Further, just as prisoners have no liberty interest in admission to programs that can hasten their release from prison if completed successfully, *see Zimmerman v. Tribble,* 226 F.3d 568, 572 (7th Cir.2000), *Higgason v. Farley,* 83 F.3d 807, 809–10 (7th Cir.1996), the plaintiffs here had no liberty interest in participating in a program that conceivably would have hastened their release from segregation and stopped further erosion of their mandatory release dates. As we said in *Zimmerman,* there is no due process protection against "action that merely might affect the duration" of imprisonment, *Zimmerman,* 226 F.3d at 571–72, and "might affect" is all the plaintiffs could establish here.

AFFIRMED.